IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA STOCKDALE, individually and on behalf of a class of similarly situated persons, | : : : : |
| Plaintiff, | : CIVIL ACTION NO. 19-CV-_____ : |
| v. | : : |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | : : : |
| Defendant. | : |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Allstate Fire and Casualty Insurance Company ("Defendant" or "Allstate"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. Removal is proper on the following grounds:

I.   **Introduction**

1.   Plaintiff Kayla Stockdale ("Plaintiff") commenced this action in the Court of Common Pleas of Philadelphia County, Pennsylvania by filing a class action complaint ("complaint") on or about January 23, 2019. Defendant was served with the complaint on January 28, 2019. Pursuant to 28 U.S.C. § 1446(a), a copy of the complaint and all other process, pleadings, and orders served on Defendant to date are attached hereto as Exhibit 1.

2.   Plaintiff's complaint asserts a breach of contract claim on behalf of herself and a putative class of insurance policyholders, alleging that Defendant unlawfully denied her insurance claim. (Compl. ¶ 174). She seeks both compensatory damages and declaratory relief.

1

(*Id.* ¶¶ 104-191). Defendant denies these allegations and further denies any liability to Plaintiff or any putative class members.

3. The amount of compensatory damages requested by Plaintiff individually against Defendant, as set forth in the complaint, is $750,000.00. (*Id.* ¶¶ 60, 148; Wherefore Clause (a)). Plaintiff also requests an unspecified award of damages to each putative class member. (*Id.* ¶ 187; Wherefore Clause (b)).

4. This case is properly removed to this Court because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1332, 1441 and 1446.

## II. The Procedural Requirements for Removal Are Satisfied

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of January 28, 2019, the date of receipt by Defendant, through service or otherwise, of a copy of the complaint.

6. Venue is proper under 28 U.S.C. § 1441(a) because the Eastern District of Pennsylvania embraces the county and court in which Plaintiff filed this action.

7. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

8. A copy of all process, pleadings and orders served upon Defendant is attached to this Notice of Removal as required by 28 U.S.C. § 1446(a). *See* Exhibit 1.

### III. Diversity Jurisdiction Exists Under 28 U.S.C. § 1332(a)

9. Federal district courts have subject matter jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).

10. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the action is between citizens of different states. 28 U.S.C. §§1332(a), 1441(b).

#### A. Amount in Controversy

11. The amount of alleged compensatory damages against Defendant as set forth in the complaint is $750,000.00 for Plaintiff's individual claims, plus an unspecified amount for the putative class claims. (Compl. ¶¶ 60, 148, 187; Wherefore Clause (a)-(b)).

12. Plaintiff's alleged compensatory damages alone plainly exceed the $75,000 amount in controversy requirement.

13. While Defendant denies that Plaintiff is entitled to any relief, based on the allegations of the complaint, the aggregate value of Plaintiff's claims exceeds the $75,000 jurisdictional amount in controversy threshold of 28 U.S.C. § 1332(a).

#### B. Citizenship

14. Plaintiff is an adult citizen and resident of the Commonwealth of Pennsylvania residing at 205 Birch Drive, Levittown, Pennsylvania 19054. (Compl. ¶ 1). The putative class is limited to residents of the Commonwealth of Pennsylvania. (Id. ¶ 80).

15. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16. Defendant Allstate Fire and Casualty Insurance Company "is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois." (Compl. ¶ 3). Under 28 U.S.C. § 1332(c)(1), Allstate Fire and Casualty Insurance Company is a citizen of the State of Illinois, and not a citizen of the Commonwealth of Pennsylvania.

17. Because Defendant is a citizen of Illinois and Plaintiff is a citizen of Pennsylvania, there is complete diversity of citizenship between Plaintiff and Defendant.

18. Since complete diversity exists and the requisite $75,000 amount in controversy for an individual plaintiff is satisfied here under 28 U.S.C. § 1332(a), this Court has supplemental jurisdiction over the putative class members under 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) (where a named plaintiff in a class action satisfies the amount in controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of the putative class members); *Papurello v. State Farm Fire and Casualty Co.*, 144 F. Supp. 3d 746, 752 (W.D. Pa. 2015) ("Section 1367 authorizes supplemental jurisdiction over putative class members' claims if 'at least one named plaintiff' satisfies § 1332(a)(1)'s $75,000 amount in controversy requirement and complete diversity is present).

**IV. Conclusion**

19. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), and removal is proper under 28 U.S.C. §§ 1441 and 1446, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this is a civil action between citizens of different states.

20. Defendant, by filing this Notice of Removal, does not waive any defenses or objections available to it under the law. Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendant hereby removes this action to the United States District Court for the Eastern District of Pennsylvania and requests that the Court of Common Pleas of Philadelphia County, Pennsylvania proceed no further with respect to this action.

Dated: February 27, 2019.

Respectfully submitted,

/s/ Mark J. Levin
Mark J. Levin (Pa. I.D. #26601)
Elanor A. Mulhern (Pa. I.D. #322185)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
(215) 665-8500

Attorneys for Defendant
Allstate Fire and Casualty Insurance Company

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal has been served this day by United States mail, postage prepaid, with a courtesy copy by e-mail, upon counsel for Plaintiff addressed as follows:

>James C. Haggerty
>Suzanne Tighe
>Jeffrey K. Stanton
>HAGGERTY, GOLDBERG, SCHLEIFER
>& KUPERSMITH, P.C.
>1835 Market Street, Suite 2700
>Philadelphia, Pennsylvania 19103
>jhaggerty@hgsklawyers.com

Dated:  February 27, 2019

/s/ Mark J. Levin
Mark J. Levin