# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAYLA STOCKDALE,
    **Plaintiff,**

  **v.**

**ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,**
    **Defendant**

**CIVIL ACTION**

**NO.  19-845**

## MEMORANDUM OPINION

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") moves to certify this Court's decision in *Stockdale v. Allstate Fire & Cas. Ins. Co.*, 2020 WL 953284 (E.D. Pa. Feb. 27, 2020) as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  For the reasons that follow, Defendant's motion will be denied.[1]

On February 27, 2020, this Court issued a Memorandum Opinion and Order granting a Motion for Partial Summary Judgment filed by Plaintiff Kayla Stockdale ("Stockdale") on her claim for declaratory relief on her individual claim and denying a Motion for Summary Judgment filed by Defendant Allstate.  Stockdale sought an order "(a) declaring that the household exclusion contained in [her parents] Policy is void and unenforceable as violative of the MVFRL; and (b) declaring that the [she is] entitled to recover $300,000 in underinsured motorist benefits from [Allstate], under the policy of insurance issued to her parents . . . in connection with injuries sustained in the June 10, 2017 motor vehicle accident."  The order provided in relevant part:

> Plaintiff is entitled, in connection with the injuries sustained in the June 10, 2017
> motor vehicle accident, to recover $300,000 in stacked underinsured motorist

---

[1] The facts underlying this litigation have been detailed at length in the Court's opinions in *Stockdale*, 2020 WL 953284 (denying Allstate's motion for summary judgment and granting Stockdale's motion for partial summary judgment) and *Stockdale v. Allstate Fire & Cas. Ins. Co.*, 390 F. Supp.3d 603 (E.D. Pa. 2019) (denying Allstate's motion to dismiss) and will not be fully recounted here.

coverage available under the policy of insurance issued by Defendant, [Allstate] Fire and Casualty Insurance Company to Mark Sanders and Jacqueline Sanders.

In its Memorandum Opinion, the Court held that the household exclusion was unenforceable pursuant to the Pennsylvania Supreme Court's decision in *Gallagher v. GEICO Indemnity Co.*, 201 A.3d 131 (2019), and that Stockdale had succeeded on her individual claim. Stockdale, however, sued on behalf of herself and similarly situated persons and the putative class action claims remain to be adjudicated.

In reaching the result in *Stockdale*, 2020 WL 953284, the Court held that *Gallagher* "invalidated the household vehicle exclusion in *all* personal auto insurance policies in which such an exclusion operates as a *de facto* waiver of stacked coverage." The Court thereby rejected Allstate's argument on summary judgment that *Gallagher* was a narrow decision, was not controlling in this case, and did not compel it to pay Stockdale's claim for stacked underinsured motorist benefits under her parents' policy.

Allstate now argues that the Court should certify its grant of partial summary judgment in as a final judgment under Federal Rule of Civil Procedure 54(b), so that the Third Circuit may review the Court's interpretation of *Gallagher* before the parties proceed with the class certification process. Allstate is concerned that if class certification proceeds, and if the Third Circuit subsequently "concludes that *Gallagher* is not applicable in this case, the parties and the Court" will have needlessly incurred the "substantial time and expense of class discovery and class certification proceedings." Stockdale urges the Court not to certify the issue and to, instead proceed to adjudication of the class questions.

Courts of Appeals have jurisdiction to review "final" decisions of district courts. 28 U.S.C. § 1291. "Generally, an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a 'final' order for

purposes of 28 U.S.C. § 1291." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012). However, "[u]nder Rule 54(b) . . . a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." *Id.*

"Rule 54(b) is designed to 'facilitate the entry of judgment on one or more claims, as to one or more parties, in a multi-claim/multi-party action'" and it "'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Seidman v. Am. Mobile Sys.*, 965 F. Supp. 612, 617-18 (E.D. Pa. 1997) (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975)). Ultimately, the Rule aims "to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015) (internal quotations and alterations omitted).

Nevertheless, "[c]ertification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court," *Elliott*, 682 F.3d at 220, and Rule "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel," *Panichella v. Pennsylvania R. R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958). Rather, "[t]he power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy" underlying the rule. *Id.*(internal quotation omitted).

To that end, "[a] decision to certify a final decision under Rule 54(b) requires that: (1) there has been a final judgment on the merits, *i.e.*, an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8

(1980).  To determine whether there is no just reason for delay, courts consider the following,

non-exhaustive, factors:

> (1) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (2) the relationship between the adjudicated and unadjudicated claims; (3) the possibility that the need for review might or might not be mooted by future developments in the district court; (4) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. . . .

*Waldorf v. Shuta*, 142 F.3d 601, 609 (3d Cir. 1998) (citing *Allis-Chalmers Corp.*, 521 F.2d at

364) ("the *Allis-Chalmers* factors").

Here, it is uncontested that the Court's decision in *Stockdale*, 2020 WL 953284,

constitutes a final judgment on the merits of Stockdale's individual claim.  The Court in that

opinion decided a pure question of law—*i.e.*, *Gallagher*'s scope—and no disputed issues of fact

remain with respect to Stockdale.  In fact, the parties agree about the amount of money Stockdale

is entitled to recover under the Court's interpretation of *Gallagher*.  The parties disagree,

however, about whether there exists no just reason for delay.

Looking to the *Allis-Chalmers* factors, there is no claim or counterclaim in this case

which could result in an off-set against the judgment.  It is unlikely that the need for review

would be mooted by developments in this court, as the only issues that remain to be resolved by

this Court involve class certification and would not entail revisiting the decision regarding the

policies from which Stockdale seeks recovery.  These factors therefore weigh in favor of

certification.

The remaining factors, however, weigh against certification, in particular, the second

factor.  While Allstate argues that the adjudicated and unadjudicated claims involve "unrelated

legal issues," all of the claims in fact involve the issue of *Gallagher*'s scope.  Whether Allstate

appeals the Court's denial of summary judgment now, or, if a class is certified, after the certification of such class, the crux of Allstate's argument will essentially be the same: that this Court misconstrued the scope of *Gallagher's* holding.  Because the individual and class claims stand or fall on how broadly or narrowly *Gallager* applies, this is not a case in which there is an "an injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case" to be avoided.  *See Gelboim*, 135 S. Ct. at 902 (internal quotations and alterations omitted).

The fact that class certification will involve an additional inquiry into whether certain factors—such as numerosity, commonality, typicality, ascertainability, adequacy and superiority—have been satisfied with respect to the proposed class is not to the contrary.  Such factors must always be considered in the context of class litigation.  *See* Fed. R. Civ. P. 23 (outlining the factors a court must consider before certifying a class).  If Allstate is correct then each time a court, in the context of a putative class action, definitively ruled one way or the other on a named plaintiff's claim, Rule 54(b) certification would always be appropriate because all class actions necessarily involve these additional inquiries.  While nudging the Court in this direction, Allstate cites to no authority for the proposition that Rule 54(b) certification is the default in the class context.

Finally, as to the miscellaneous factors, Allstate emphasizes economic considerations and efficiency.  Irrespective, however, of the Court of Appeal's interpretation of *Gallagher*, it is unlikely that it will provide the certainty Allstate argues justifies certification; the issue at the heart of this litigation is an issue of state law, and, as such, can only be definitively resolved by the Pennsylvania Supreme Court.  *Vooys v. Bentley*, 901 F.3d 172, 194 n.129 (3d Cir. 2018)

("[S]tate supreme courts are the final arbiters of matters of state law.").[2]  Furthermore, allowing this litigation to proceed as a consolidated whole rather than piecemeal would affirmatively promote efficiency in that it would allow the Court of Appeals to decide, when and if they are presented, all issues, whether related to *Gallagher*, or the class certification process, at once,

For the reasons set forth above, Allstate's motion for certification under Rule 54(b) will be denied.  An appropriate order follows.

**April 8, 2020**

BY THE COURT:

/s/Wendy Beetlestone, J.

_____

WENDY BEETLESTONE, J.

---

[2] Allstate's argument also implicitly rests on the assumption that Rule 54(b) certification should be favored in cases presenting a novel issue of law.  While the Third Circuit has indicated that a district court may consider the novelty of the questions at issue when determining whether to certify a judgment, *see Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Westinghouse Elec. Corp.*, 631 F.2d 1094, 1099 (3d Cir. 1980), novelty alone is insufficient to justify certification, *see Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Westinghouse Elec. Corp.*, 1979 WL 15412, at *1 (D.N.J. Apr. 30, 1979), *aff'd*, 631 F.2d 1094 (3d Cir. 1980).  The significance of novelty is further undercut where a question of state law is ultimately at issue and where certification will not necessarily resolve the issue.  *See id.* (certifying judgment as final for appellate resolution of federal discrimination claims).